BARRETT POTTER, JUDGE, *vs.* CYRUS CUMMINGS *& al.*

An action cannot be maintained against an administrator, on his probate bond, for not accounting for money lost by his neglect or misconduct, until after he has been cited by the Judge of Probate, to render his account thereof.

When an administrator of an insolvent estate has tendered to a creditor the amount of the dividend decreed to be paid to him, he has performed his duty; and an action on the probate bond cannot be maintained for the benefit of such creditor, although the administrator may have neglected to pay the money thus tendered into Court.

DEBT upon a bond given to the Judge of Probate, by *Cummings,* on being appointed administrator of the estate of *John Stevens,* deceased. There was an indorsement upon the back of the writ, stating, that the action was brought for the benefit of *Robert Leighton,* but it was not stated *in the writ,* that the suit was brought in the name of the Judge of Probate for the benefit of *Leighton,* and for this cause the defendants moved that the writ

be abated. The plaintiff asked leave to amend his writ, by inserting, after the name of the Judge of Probate, the words, *who sues this action for the benefit of Robert Leighton, of, &c. a creditor of the estate of John Stevens, the defendant Cummings' intestate.* The estate of *Stevens* had been rendered insolvent, and the commissioners had allowed a demand in favor of *Leighton.* *Cummings* had settled in the Probate Court one administration account, in which he had credited, among other sums, six dollars, received of one *Prince,* and the balance of the account had been distributed among the creditors, of which *Leighton's* dividend was $11,30. The administrator had claimed a sum of money as due to the intestate from *Prince,* which the latter refused to pay, and they, by parol agreement, left to two men to say how the settlement should be made, and they awarded by parol that *Prince* should pay forty-three dollars. *Prince* refused instantly to pay the amount, unless compelled to do so by a lawsuit. The administrator consulted with creditors of the estate, holding more than half the amount of the claims, and, by their advice, compromised with *Prince,* by receiving the six dollars credited in the account. *Leighton* was not consulted in relation to the compromise. On *August* 18, 1838, *Leighton* demanded of *Cummings* his dividend on the estate of *Stevens,* and also his distributive share of the balance alleged to have been due from *Prince* to the intestate, above the six dollars. *Cummings* refused to pay the latter, but offered to pay the dividend by an order on a third person. *Leighton* did not object to the mode of payment, but refused to receive the dividend, unless the whole sum claimed was paid. On the 20th of the same *August, Cummings* tendered to *Leighton* the full amount of his dividend, but has never brought the money into Court. Afterwards, *Leighton* caused this suit to be brought. The administrator had not been cited into the Probate Court, to settle any account, or to account for any further sum for the claim on *Prince.* The present suit was instituted by *Leighton* without the consent of the Judge of Probate. The case was submitted for the opinion of the Court upon the facts.

*Codman & Fox,* for the plaintiff.

The administrator had sufficient authority to refer the demand against *Prince.* *Bean* v. *Farnham,* 6 *Pick.* 269. This estab-

lished it as a demand due to the estate, and the administrator, having discharged it, is accountable for the amount.

Neglecting to account for this amount in his account, settled afterwards, was unfaithful administration, and there was no necessity for a citation. *Paine J.* v. *Fox*, 16 *Mass. R.* 129.

The tender was wholly immaterial, as the money was not brought into Court. Neglecting to pay the dividend, when demanded, was a breach of the bond.

*Adams*, for the defendants.

The administrator has accounted for all he received. His compromising a questionable demand, with the advice of many of the creditors, where if successful in the suit, nothing would be left above the expenses, and where failure would take away the little property already received, cannot be considered unfaithful administration.

But if the amount of the award be assets, no suit can be maintained on the bond, until after the administrator has been cited into the Probate Court to render his account. The administrator is not required to render a second account until after a citation. *Hooker* v. *Bancroft*, 4 *Pick.* 50. He should, therefore, in this case, have been cited to account, before bringing a suit. *St.* 1821, *c.* 51, § 72; *Paine J.* v. *Fox*, 16 *Mass. R.* 129; *Nelson* v. *Jacques*, 1 *Greenl.* 139; *Potter J.* v. *Titcomb*, 7 *Greenl.* 302; *Fuller J.* v. *Young*, 1 *Fairf.* 365; *Paine J.* v. *Stone*, 10 *Pick.* 75. If any action could be maintained on the bond, it should be by the Judge of Probate, for the benefit of all parties interested. *Barton J.* v. *White*, 21 *Pick.* 58.

The demand for the dividend was not legal, because it was coupled with a demand for another sum, to which he had no right. 14 *Mass. R.* 428; 1 *Esp. R.* 115. The first tender under the circumstances was sufficient. *Peake's N. P. Cases*, 88, 180.

The second tender was clearly good. It was not necessary to bring the money into court, for the action is not for that sum, but for the penalty of the bond.

The opinion of the Court was drawn up by

SHEPLEY J. — One of the creditors of the late *John Stevens*, upon whose estate the defendant, *Cummings*, is administrator,

claims to recover, in this suit, his share of a sum of money, alleged to have been due to the intestate from *John Prince.* A small part of this sum was collected, the administrator having made a compromise and relinquished the remainder. If in this he conducted unfaithfully, he may be required to account for the amount relinquished. He is, however, entitled by statute, *c.* 51, § 72, to be heard before the Probate Court, and to have a decision there, in a manner the least expensive, whether he should or not so account. And he must be cited, to allow him that privilege, before a suit, requiring him to answer elsewhere, can be maintained upon his official bond. *Potter J. v. Titcomb,* 7 *Greenl.* 321.

The estate is insolvent, and a dividend had been decreed to be paid to the party interested in this suit. This amount was tendered, before the action was brought, but it is insisted, that the tender was ineffectual because it was not kept good by bringing the money into Court. There can be no forfeiture of an official bond, without proof of a dereliction of duty. And in such case, judgment would be rendered for the penalty, while execution would issue only for the amount of damage proved. And the party may not be informed of the particular default charged, until it would be too late to bring money into Court. The party recovers damages for an injury suffered, although a debt due may be the measure of damages. The same rule does not prevail in such a case, as in the case of a single bond or contract between party and party, where the tender must be kept good, by bringing the money into Court. When an administrator has tendered the amount decreed to be paid to the person entitled to it, he has performed his duty; and there is neither neglect of duty nor breach of the bond. It is sufficient for him, that the plaintiff fails to shew any forfeiture of the bond, when the action was brought.

As the action could not be maintained upon the merits, if the amendment were allowed, it is unnecessary to decide upon it.

*Plaintiff nonsuit.*